IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.     07-cv-01940-REB-BNB

PATRICK SMITH,

    Plaintiff,

v.

WALGREEN CO., a Foreign Corporation authorized to do business in Colorado,

    Defendant.

## STIPULATED PROTECTIVE ORDER

During the course of this litigation the Parties may produce or disclose information, writings and other tangible things that are confidential in nature, including, but not limited to, proprietary financial, business, commercial or personal information. The Parties have agreed to the entry of a protective order regarding this information consistent with the provisions of F.R.C.P. 26(c). Pursuant to Rule 26(c), F.R.C.P., this Order shall govern the handling of documents, depositions, deposition exhibits, responses to any discovery requests, including responses to interrogatories, document requests, and requests for admissions and any other information produced, given or exchanged by and among the parties and non-parties to this action.

    1.    For the purposes of this Order, the following definitions shall apply:

(a) "Discovery Material" shall mean all documents within the meaning of Rule 34, F.R.C.P.; deposition transcripts; deposition exhibits; responses to discovery requests, including responses to interrogatories, document requests and requests for admissions; and any information produced pursuant to the *Federal Rules of Civil Procedure* or otherwise given or exchanged by and among the parties and non-parties to this action.

(b) "Producing Party" shall mean any party or non-party to this action producing Discovery Material.

(c) "Designating Party" shall mean any Producing Party who has designated Discovery Material as "Confidential".

(d) "Receiving Party" shall mean any party to whom Discovery Material has been produced in this litigation.

(e) "Confidential Discovery Material" shall mean any Discovery Material designated as "Confidential" hereunder.

(f) "Protectible Information" shall mean any information subject to protection under Rule 26(c), F.R.C.P.

2. Protectible Information may be produced without waiver of any privilege or immunity from discovery, disclosure or inspection that might be attached provided such information is disclosed pursuant to the procedures set forth herein.

3. Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Order if such party in good faith believes that such Discovery Material may qualify for protection under Rule 26(c), F.R.C.P.

4. The designation of Discovery Material as "Confidential" for purposes of this Order shall be made in the following manner:

(a) In the case of documents or other materials (apart from interviews, depositions or pretrial testimony), by stamping on or affixing to the same the legend "Confidential" or a substantially similar legend. In the case of multi-page documents, the confidentiality legend need only be stamped on the first page of the document to protect the entire document.

(b) In the case of depositions or pretrial testimony:

(i) by a statement on the record, by counsel, at the time of such disclosure that said deposition or pre-trial testimony or any portion thereof, is Confidential; or

(ii) by written notice, sent by counsel to counsel for the other parties, after receipt by the Designating Party of a signed transcript of such deposition or pre-trial testimony, that said testimony is Confidential.

In both instances counsel shall direct the court reporter or counsel to affix the appropriate confidentiality legend to any portion of the original transcript, and to that

portion of all copies of the transcript, and those portions of the transcript so designated shall be deemed Confidential Discovery Material.

(c) In the case of any other production of Discovery Material not otherwise covered by this paragraph 5, by a written statement made by counsel of the Designating Party to counsel for the other parties to this action that such Discovery Material or any portion thereof is "Confidential".

Inadvertent failure to designate material as "Confidential" by oral or written notice shall not, in itself, be deemed a waiver of any claim of confidentiality as to such material, and the same may thereafter be corrected by supplemental written notice.

5. Confidential Discovery Material shall be used solely for purposes of this action and shall not be used for any other purpose, including, without limitation, any business or commercial purpose or in connection with any other proceeding or litigation.

6. Confidential Discovery Material may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

(a) The Court, persons employed by the Court and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

(b) Outside counsel to any named party, including such counsel's direct employees and any independent legal, paralegal and secretarial staff employed or retained by such counsel, including any outside copying services;

(c) Individuals serving as mediators with regard to these proceedings, provided that they sign an undertaking substantially in the form of Exhibit A agreeing to be bound by the terms of this Order;

(d) Deposition witnesses questioned by counsel of record for a party in connection with this action;

(e) An author or recipient of the Confidential Discovery Material or someone mentioned in it;

(f) Experts or consultants retained by a party, subject to the provisions of paragraph 8.

7. Notwithstanding anything contained in paragraph 6, Confidential Discovery Material may be disclosed to any expert or consultant retained by counsel in connection with this action only to the extent necessary for such expert or consultant to assist counsel in the prosecution or defense of this action. Before receiving any Confidential Discovery Material, such consultant or expert shall sign an Undertaking in the form attached hereto as Exhibit A, thereby agreeing in writing to be bound by the terms and conditions of this Order, consenting to the jurisdiction of this Court for purposes of enforcement of the terms of this Order, and agreeing not to disclose or use such Confidential Discovery Materials for purposes other than those permitted hereunder. Upon entry of a final

judgment and resolution of all appeals, or upon execution of a settlement agreement resolving all claims asserted in this litigation, and within 20 days of receipt of a written request for the same from counsel of record for the Producing Party, counsel who has disclosed or otherwise provided Confidential Discovery Material to an expert or consultant shall deliver a copy of the Undertaking signed by such expert or consultant to counsel of record for the Producing Party. Such counsel of record shall maintain such Undertakings and writings and shall not disclose such documents to any named party in this action except on counsel's good faith belief of the need for such disclosure.

8. No copies of Confidential Discovery Materials shall be made except by or on behalf of the persons listed in the subsections of paragraph 6 above. To the extent such authorized persons require copies of Confidential Discovery Materials, any such copies shall be used solely for the purposes of this action.

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filled, the disputed information shall be treated as

CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. If confidential discovery material is submitted to the Court, then the parties shall comply with D.C.Colo. LCiv 7.2 (Motions to Seal) and 7.3 (Procedures for Filing Papers and Documents Under Seal).

11. In the event that any Confidential Discovery Material is used in any court proceeding in this action or any appeal therefrom, counsel shall confer in good faith on such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings including, but not limited to, requesting the Court to hear counsel with respect to such information in camera. The use of Confidential Discovery Material in any court proceeding shall not prejudice in any way the rights of any person to petition the Court for such further protective measures as may be necessary to protect the confidentiality of any documents, information or transcripts.

12. In the event additional parties join or are joined in this action, or additional or different counsel enter an appearance, they shall not be given access to Confidential Discovery Material until the newly joined party, by its counsel, or the newly appearing counsel, has executed this Order and provided a copy of same to all other counsel in this action.

13. Entering into or agreeing to this Order, and/or producing or receiving Confidential Discovery Material, or otherwise complying with the terms of this Order shall not:

(a) Prejudice in any way the rights of the parties to object on grounds of privilege, relevance, unduly burdensome, or otherwise to the production of documents or other information they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material;

(b) Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document (or portion thereof); testimony or other evidence subject to this Order;

(c) Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly Confidential information;

(d) Prevent the parties to this Order from agreeing in writing, with the consent of the Designating Party, to alter or waive the provisions or protections provided for herein with respect to any particular Discovery material; or

(e) Prejudice in any way the rights of a party to contest the designation of any Discovery Material as Confidential Discovery Material.

14. The inadvertent production of any document or other information during discovery in this action shall be without prejudice to any claim that such material is confidential.

15. Nothing in this Order shall preclude any party from filing a motion seeking further or different protection from the Court under the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Discovery Material shall be treated at trial.

16. The Motion has been executed by Plaintiff and Defendant by and through their attorneys who also signed on behalf of themselves and their respective law firms. Each attorney who executed the Motion on behalf of a party or counsel of record warranted that the attorney is duly authorized by such party or counsel to do so.

Dated April 16, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

**STIPULATED AND AGREED TO:**

| | |
|---|---|
| s/ Nicholas Gradisar | s/ Jerry A. Retherford |
| Nicholas Gradisar | Jerry A. Retherford |
| 1836 Vinewood, Suite 200 | Plaza of the Rockies, South Tower |
| Pueblo, CO  81005 | 121 S. Tejon Street, Suite 601 |
| 719-566-8844 | Colorado Springs, CO 80903 |
| | 719-475-2014 |
| Attorney for Plaintiff Patrick Smith | Attorney for Defendant Walgreen Co. |